IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. 24-52 |
| vs. | : | |
| PATRICK KNAUSS | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Patrick Knauss, by his attorney, Thomas A. Dreyer, Esquire, hereby respectfully submits a Sentencing Memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives contained in 18 U.S.C. Section 3553(a). He herein contends that a term of imprisonment of 262 months (21.83 years) is sufficient but not greater than necessary to comply with the provisions of Section 3553(a).

On June 18, 2024, Mr. Knauss pleaded guilty to Conspiracy to manufacture child pornography in violation of 18 U.S.C. Section 2251(a) and (e), Conspiracy to receive and distribute child pornography in violation of 18 U.S.S. Section 2252(a)(1) and (b)(1) and Receipt of child pornography in violation of 18 U.S.C. Section 2252(a)(1) and (b)(1). On October 2, 2024, U.S. Probation Officer Brian B. Piskai sent counsel the first draft of the Presentence Investigation Report ("PSR"); Mr. Knauss has no objections to it.

Sentencing is scheduled for October 22, 2024.

### Application of the Statutory Sentencing Factors to the Instant Case

The Court must consider the following factors in determining what length of sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offenses and the History and Characteristics of The Offender**

   **(A)  Nature and Circumstances of the Offenses**

   Mr. Knauss' criminal conduct is outlined in Paragraphs 15-32 of the PSR. It is important to note that all this conduct occurred on-line; he never met any of the victims in person or had physical contact with any of them.

   **(B)  History and Characteristics of Mr. Knauss**

   1. <u>Family</u>

   Mr. Knauss was born on March 22, 1989 and is 35 years of age. He is single and has no children. He is a life-long resident of Vermont and New Hampshire.

   Mr. Knauss' parents divorced when he was two. He had no relationship with his father who spent years in federal prison due to convictions for sexual exploitation of minors in 1996 (a term of imprisonment of 46 months) and possession of child pornography in 2005 (a term of imprisonment of 120 months).

   Mr. Knauss' mother, Pamela Atkinson, subsequently married David Hotte. Unfortunately, he was abusive toward her on a regular basis and Mr. Knauss witnessed a great deal of domestic violence directed to his mother.

   When Mr. Knauss was 14, his mother married Devin Atkinson. They are still together.

   Ms. Atkinson is very supportive of her son and has been in regular contact with Mr. Dreyer since the inception of this case.

   2. <u>Education</u>

   Despite growing up without his father, Mr. Knauss succeeded in the classroom.

He graduated from Colebrook Academy in June 2007. He received an Associate in Science Degree in Culinary Arts from White Mountains Community College (New Hampshire) in May 2012 and an Associate in Science Degree in Baking and Pastry Arts from this college in May 2013. He received a Bachelor of Arts in Hospitality and Restaurant Management from the New England Culinary Institute (New Hampshire) in July 2015.

    3.    Employment

Mr. Knauss was gainfully employed and a tax-paying citizen from the time he finished his education to his arrest on March 12, 2024. See Paragraphs 102-106 of the PSR.

Mr. Knauss was transferred to the Mental Health Unit at the Federal Detention Center ("FDC") in August 2024 and is currently on the list to become a Suicide Watch Companion. He is also taking Cognitive Behavior Therapy classed and Dialectical Behavior Therapy classes.

    4.    Alcohol Abuse

Mr. Knauss has abused alcohol in the past. He hopes to enter and complete the 500-hour Residential Drug Abuse Treatment Program ("RDAP Program") run by the United States Bureau of Prisons ("BOP").

    5.    Sex Offender Treatment

Mr. Knauss was arrested by Vermont law enforcement authorities on May 4, 2023. He thereafter voluntarily sought sex offender treatment with Susan Robinson, LICSW, in South Burlington, Vermont. He met with her biweekly from July 24, 2023 to March 11, 2024. (He was arrested by federal law enforcement the following day.) He is very interested in undergoing more sex offender treatment.

      6.    Psychological Evaluation

On October 8, 2024, Laura Cooney-Koss, Psy.D., submitted a Psychological Evaluation in which she found the following:

      A.    Mr. Knauss's risk for future sexual offending was assessed with three tools:

      1.)    STATIC-99R – well above average risk;

      2.)    Stable 2007 – moderate risk; and,

      3.)    Structured Assessment of Protective Factors – moderate.

She writes "As an aggregate, the risk assessment tools and clinical findings suggest that, <u>without treatment</u>, [he] would be considered to be in the *Moderate Risk* range for future sexual offending compared to other individuals with a history of sexual offenses." (Pages 14-15)

      B.    There is no indication that he has a sexual attraction to prepubescent minors and, therefore, he does not qualify for a diagnosis of Pedophilic Disorder. Instead, because his sexual interest was in 13-16-year-old children, his diagnosis spans Hebephilia (11-14-years-olds) and Ephebophilia (15-19-year-olds). (Page 15)

      C.    His diagnoses include Persistent Depressive Disorder, with intermittent major depressive episodes, with current episode, moderate; Generalized Anxiety Disorder; and Alcohol Use Disorder, severe, in early remission due to being in a controlled environment. (Pages 16-17)

      D.    She concludes her evaluation by stating that ". . . Mr. Knauss is a good candidate for treatment. He is motivated to continue to improve himself so that he can refrain from using illegal sexual material in the future. It is also important to highlight that he is

-4-

someone who has prosocial values and does not have an affinity for violating the law. With therapeutic assistance, [he] has the ability to lower his risk for future sexual offending and will likely be able to make progress even prior to his release." (Pages 17-18)

## 2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

### (A) To reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the offenses

A jail term of 262 months clearly meets the objectives of reflecting the seriousness of the offenses, promoting respect for the law and providing just punishment for the offenses.

### (B) To afford adequate deterrence to criminal conduct

A jail term of 262 months is sufficient to achieve the goals of general deterrence and specific deterrence.

### (C) To protect the public from further crimes of the defendant

The goal of protecting the public from further crimes committed by Mr. Knauss will be achieved by a jail term of 262 months.

### (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Mr. Knauss intends to takes more college courses in order to obtain another bachelor degree.

## 3. The Kinds of Sentences Available

A sentence of imprisonment is available. 18 U.S.C. Section 3581. A fine is available. 18 U.S.C. Section 3571. Mr. Knauss is represented by court-appointed counsel.

### 4. The Sentencing Range Established by the Sentencing Commission

The PSR calculates the Guideline Range of Imprisonment at 292 to 365 months. See Paragraphs 34-57 and 113 of the PSR.

The parties entered into a written Guilty Pleas Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which they agreed to the following disposition: a term of imprisonment within the range of 262 to 274 months; a term of supervised release of at least 15 years; and a special assessment of $300.00. On June 18, 2024, the Court accepted Mr. Knauss' guilty plea in accordance with the terms and conditions of the Guilty Plea Agreement.

### 5. Pertinent Policy Statement

There are no relevant Pertinent Policy Statements.

### 6. The Need to Avoid Unwarranted Sentencing Disparities

There are no unwarranted sentencing disparities.

### 7. The Need to Provide Restitution to Any Victims of the Offense

Mr. Knauss has agreed to the government's proposal that he pay restitution of $3,000.00 to a victim named "Jessy".

### Proposed Statement of Reasons Pursuant to 18 U.S.C. Section 3553(a) for a Sentence Below the Guideline Range

The Court should impose a sentence of 262 months which varies below the Guideline Range of Imprisonment of 292 to 365 months for the following reasons:

1. Mr. Knauss confessed to his criminal conduct and gave law enforcement authorities the passwords to his seized electronic devices when arrested in Vermont on May 4, 2023.

2. He pleaded guilty to his criminal conduct, thereby ensuring that the victims

did not have to testify in open court at a trial.

      3. Since his incarceration, his mother has actively supported him.

      4. He hopes to be a Suicide Watch Companion at the FDC in the very near future.

      5. He will be approximately 55 years of age when he is released from federal prison.

      6. He is well educated and intends to continue his education.

      7. He worked numerous jobs and was always gainfully employed prior to his incarceration.

## Conclusion

The Court should consider every convicted person as an individual and every case as a unique study in human failings which sometimes mitigate and sometimes magnify the crime and punishment to ensue. *United States v. Gunter*, 527 F.3d 282, 285 (3d Cir.2008); *United States v. Castro-Valenzuela*, 304 Fed.Appx. 986, 989 (3d Cir.2008). Mr. Knauss respectfully requests a term of imprisonment of 262 months. He also requests that the Court recommends the following to the BOP:

      1. That he be incarcerated at the Federal Medical Center Devens in Ayers, Massachusetts.

      2. That he be enrolled in the RDAP Program.

3. That he receive credit for time-served from March 12, 2024.

          **/s/ Thomas A. Dreyer**
          Thomas A. Dreyer, Esquire
          30 Running Brook Road
          Glen Mills, PA  19342
          610-742-7883
          Attorney for Defendant Patrick Knauss

Dated:  October 9, 2024

## CERTIFICATE OF SERVICE

Thomas A. Dreyer, Esquire hereby certifies that he served true and correct copies of the foregoing Defendant Patrick Knauss' Sentencing Memorandum upon the persons listed below on the date listed below by first class mail, postage prepaid

    Kelly M. Harrell, Esquire
    Assistant United States Attorney
    615 Chestnut Street
    Suite 1250
    Philadelphia, PA  19106

    Brian B. Piskai
    U.S. Probation Officer
    Federal Building
    Suite 2400
    600 Arch Street
    Philadelphia, PA  19106

    /s/ **Thomas A. Dreyer**
    Thomas A. Dreyer, Esquire
    30 Running Brook Road
    Glen Mills, PA  19342
    610-742-7883
    Attorney for Defendant Patrick Knauss

Dated:   October 9, 2024